IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WISCONSIN

**TAMARA BUSSE, Individually, and as Administrator of the Estate of Karen M. Busse;**
   *Plaintiffs*

Case No. _____

**v.**

**GENERAL MOTORS, LLC,**
   *Defendant.*

**JURY TRIAL DEMANDED**

### PLAINTIFFS' ORIGINAL COMPLAINT

  COMES NOW Plaintiff, Tamara Busse, Individually, and as Administrator of the Estate of Karen M. Busse ("Plaintiffs"), in the above-styled action, by and through her undersigned counsel, and hereby files Plaintiffs' Original Complaint against Defendant GENERAL MOTORS LLC. Based upon her personal knowledge, and upon information and belief, regarding events surrounding the auto accident that killed Karen M. Busse, Plaintiff alleges as follows:

### I. PARTIES

1. Plaintiff TAMARA BUSSE, individually, and as Administrator of the Estate of KAREN M. BUSSE, is an individual who is a citizen and resident of the State of Wisconsin. Ms. Busse survives Karen M. Busse and serves as the Administrator of her estate. At all relevant times, Karen M. Busse (hereinafter "Decedent") was a resident and citizen of the State of Wisconsin and resided in Rusk County.

2. Ms. Busse's appointment as Administrator was certified by the Circuit Court of the State of Wisconsin, Rusk County, File No. 14PR20.

3. The Defendant, General Motors, LLC, is and was at all times stated herein a limited liability company organized and existing under the laws of Delaware, with its principal place of

business in the State of Michigan. On information and belief, its sole member is General Motors Holding, LLC, which is also a single-member limited liability company organized in Delaware. The sole member of General Motors Holding, LLC, is General Motors Company. General Motors Company is a corporation organized and existing under the laws of Delaware, with its principal place of business in Wayne County, Michigan. Therefore, General Motors, Inc., is a citizen of Michigan and Delaware, and not of any other state, and that is the citizenship imputed to General Motors, LLC. General Motors, LLC, is in the business of designing, manufacturing, and selling certain motor vehicles, and was authorized to do business in Wisconsin. Service of process may be made through its registered agent, Corporation Service Company 8040 Excelsior Drive, Suite 400, Madison, WI 53717. General Motors, LLC, engages in significant business and derives significant revenue within the State of Wisconsin, including through the manufacture and sale of motor vehicles.

4. At all times relevant herein, Defendant GM was engaged in the business of designing, manufacturing, constructing, assembling, marketing, warranting, distributing, selling, leasing, and servicing automobiles, including the Subject Vehicle, as described in this Complaint, and other motor vehicles and motor vehicle components throughout the United States.

## II.     VENUE AND JURISDICTION

5. This Court has subject matter jurisdiction pursuant to 28 U.S.C. 1332(a) as the parties are citizens of different states, and the amount in controversy exceeds the sum value of $75,000, exclusive of interest and costs.

6. Venue is proper in this District pursuant to 28 U.S.C. 1391(a) and (c), as a substantial part of the events giving rise to this claim occurred in the State of Wisconsin.

### III.   GENERAL ALLEGATIONS

#### A.  THE SUBJECT INCIDENT

7. On July 7, 2014, at approximately 12:21 p.m., Decedent, KAREN M. BUSSE was operating a 2006 Chevrolet Trailblazer manufactured and sold by Defendant, with VIN Number 1GNDT13S862314169 (the "Truck"), on ST Highway/U.S. 27 in Lake Holcombe, Chippewa County, Wisconsin. Decedent was driving on a clear, straight, and level road when her car traveled across the centerline and hit a tree head on, resulting in a frontal crash. Decedent's Truck was equipped with frontal airbags. Despite a high speed and sufficiently forceful front-end collision, the air bags in the Chevrolet Trailblazer did not deploy at any time.

8. As a direct and proximate result of the failure of the airbags to deploy, Decedent was severely injured and eventually died from her injuries.

9. As a result of the circumstances stated above, Decedent suffered serious injury to her body as a whole, including her face, chest, and legs. Decedent suffered a broken nose, orbital socket and a broken left ankle, and a broken right hand. Plaintiff survived for fifteen days after the accident, but succumbed to a pulmonary embolism, fractured lower left leg, and head and face trauma.

10. The above-described Truck was designed, manufactured, tested and sold by Defendant and/or its predecessor.  Defendant General Motors LLC assumed the liabilities of the manufacturer and/or seller of the Truck for personal injury and wrongful death pursuant to Defendant's purchase of the certain assets and liabilities dated July 10, 2009, through a Section 363 sale under Chapter 11 of the United States Bankruptcy Code.

11. At the time the Truck was sold and placed into the stream of commerce by the Defendant, it was, as designed and manufactured, defective and unreasonably dangerous for use in the case of a front-end motor-vehicle collision, due to defects with its airbag system.

12. At the time the Truck was sold by the Defendant, the Defendant made express and implied warranties as to the Truck's fitness and safety for use as a motor vehicle on the public roads, including warranties about its airbags.

13. At the time the Truck was sold by the Defendant, it was unfit for safe use as a motor vehicle, which was unknown to Decedent.

14. At the time the Truck was designed, manufactured, and sold, it was designed and manufactured negligently, carelessly, and was unreasonably dangerous for its intended use.

15. At the time the Truck was designed, manufactured, and sold, there existed a reasonable alternative design that would have reduced the foreseeable danger.

16. Plaintiffs are pursuing a claim against Defendant for strict liability, as the Truck was placed into the stream of commerce, the vehicle was unreasonably dangerous to foreseeable users, and there existed a reasonable alternative that would have reduced the foreseeable danger.

17. Defendant negligently, grossly negligently, or recklessly designed, tested, or manufactured and placed into the stream of commerce the Truck driven by Decedent.

18. Plaintiffs are pursuing a claim against Defendant for failure to warn, as Defendant failed to warn Decedent or other consumers about the dangerous condition of Truck.

19. Plaintiffs are pursuing a claim against Defendant for negligence, as Defendant has a duty to use reasonable care to design, manufacture or sell a product that is reasonably safe, and Defendant breached said duty.

20. Plaintiffs are pursuing a claim against Defendant for breach of express or implied warranties for fitness for use as a motor vehicle, as set forth above.

21. At all times stated herein, the Defendant failed to warn the purchaser or ultimate users of the Chevrolet Trailblazer, including Decedent, that the vehicle was defective and unreasonably dangerous for use, and/or that its frontal airbags were defective.

22. The injuries suffered by Decedent were all a direct and proximate result of the omissions and commissions of the Defendant as set forth hereinabove.

23. As a direct and proximate result of the omissions and commissions of the Defendant stated hereinabove, Decedent sustained serious injuries and death as set forth above.

24. As a result of the injuries stated hereinabove, Decedent suffered great pain of body and anguish of mind.

25. As a result of the injuries stated hereinabove, Decedent incurred medical expenses that were fair and reasonable.

26. As a result of the injuries stated hereinabove, Decedent was damaged by a loss of past earnings as well as a complete loss of the ability to earn money, and/or impaired earning capacity,

27. As a result of the injuries stated hereinabove, Plaintiff was damaged by a loss of household contributions for the remainder of her life and a loss of society and companionship.

## VII. CAUSES OF ACTION

### A. STRICT LIABILITY FOR FAILURE TO WARN, DESIGN DEFECT, & MANUFACTURING DEFECT

28. Plaintiff hereby incorporates by reference each and every paragraph set forth in this Complaint as if fully copied and set forth at length herein.

29. Defendant designed, manufactured, distributed and/or sold vehicles, including Decedent's Truck with design, manufacturing, and/or marketing defects, more specifically set forth herein.

30. Marketing Defect and Failure to Warn – The vehicles designed, manufactured, and/or sold, with one or more marketing defects:

    a. There was an unreasonable risk in the intended or reasonably foreseeable use of such automobile in that the above defect prevents the vehicle's airbag from being deployed causing physical injury and death;

    b. Defendant knew, foresaw, or should have known and foreseen the above risk;

    c. Defendant failed to adequately warn plaintiffs of the above risks, failed to adequately instruct Decedent how to avoid the above danger, or both;

    d. The foreseeable dangers would have been reduced by reasonable warnings or instructions;

    e. Decedent would not have used the Truck if such risks and dangers had been disclosed or known to them.

31. Design Defect – The Truck was designed, manufactured, and/or sold, with one or more design defects, more particularly set forth in the preceding paragraphs in this Petition, including an Airbag System Defect that prevented the Truck's airbags from timely deploying in the event of an impact. Defendant designed the Truck and knew of a safer alternative design that existed at the time of production that would have prevented or significantly reduced the above risks without substantially impairing the vehicle's utility, and was economically and technologically feasible at the time that the vehicles left Defendant's control by the application of existing or reasonably achievable scientific knowledge. A safer alternative was available to Defendant in that it could have designed its Airbag System to

timely deploy upon a frontal impact collision rather than have its System cutoff after an arbitrarily short amount of time.

32. Manufacturing Defect – The Truck was designed, manufactured, and/or sold, with one or more manufacturing defects, more particularly set forth above. The Truck manufactured by Defendant deviated, in its construction or quality, from the specifications or planned output in a manner that renders the automobiles unreasonably dangerous.

33. Unreasonably Dangerous – The manufacturing defects, marketing defects, or both, rendered the Truck unreasonably dangerous by making the Truck dangerous to an extent beyond that which would be contemplated by the ordinary consumer with the knowledge common to the community as to its characteristics.

34. The design defects, or any of them, rendered the Truck unreasonably dangerous as designed, considering the utility of the Truck and the risks involved in its use.

35. The design, manufacturing, and/or marketing defects, or any of them, were producing causes of Plaintiffs' injuries and damages, as more particularly set forth above. Defendant's actions caused or contributed to cause each Plaintiffs' damages. Defendant's actions or omissions were the legal and proximate cause of each Plaintiffs' damages.

36. It was entirely foreseeable to, and well-known by, Defendant that accidents involving the same makes and models as the Truck, such as occurred herein, would on occasion take place during the normal and ordinary use of said automobiles, including but not limited to frontal impact crashes.

37. The Truck was defective and unreasonably dangerous in that it contained the Airbag System Defect that prevented the vehicle's airbags from timely deploying upon a frontal impact.

38. The Truck was in this defective condition at the time it left the possession or control of Defendant.

39. The Truck reached the Decedent without substantial change to the condition of the Airbags or the Airbag System.

40. Defendant designed, manufactured, marketed, distributed, and sold the Truck to be unreasonably dangerous and defective within the meaning of WI Stat § 895.047, et seq. and Restatement (Third) Torts in that the Truck was unreasonably dangerous as designed, marketed, manufactured, or any of them. Specifically, the Truck contained an Airbag system that was defective, inferior and inadequately designed, marketed and manufactured.

41. The foregoing acts and/or omissions of Defendant were a producing and/or proximate cause of the Plaintiffs' damages. Defendant's conduct caused or contributed to cause Plaintiffs' injuries and damages.

   B. **NEGLIGENCE**

42. Plaintiffs hereby incorporate by reference each and every paragraph set forth in this Complaint as if fully copied and set forth at length herein.

43. Defendant was negligent in designing, manufacturing, and/or selling the Truck, with one or more design defects, more particularly set forth above, including the Airbag System Defect that prevented the Truck's airbag from deploying in the event of a frontal impact.

44. Defendant breached its duties to Plaintiffs and Decedent by designing, manufacturing, marketing, testing, selling, and distributing the Truck with a latent dangerous defect in the airbag system and/or by failing to warn of the defects and/or by failing to adopt a safer, practical, feasible or otherwise reasonable alternative design that could have then been

reasonably adopted to prevent or substantially reduce the risk of harm without substantially impairing the usefulness, practicality, or desirability of the Truck.

### C. BREACH OF EXPRESS AND IMPLIED WARRANTIES

45. Plaintiffs hereby incorporate by reference each and every paragraph set forth in this Complaint as if fully copied and set forth at length herein.

46. Defendant impliedly warranted that the Truck was of merchantable quality and safe and fit for its intended and foreseeable uses.

47. However, the Truck was not safe or fit for its intended uses, nor of merchantable quality as warranted.

48. Accordingly, Defendant breached the express and implied warranties of fitness and merchantability, and such breaches were the producing, direct, and proximate cause of the injuries of Decedent and the economic and non-economic damages suffered by Plaintiffs and the heirs and next of kin.

### D. PUNITIVE DAMAGES

49. At all relevant times, Defendant owed a duty of due care to Plaintiff and Decedent, Karen Busse.

50. Upon information and belief, Defendant knew that the Airbag System contained an arbitrary time cutoff that posed an unreasonable risk of harm and yet it proceeded to market and sell Truck-platform vehicles, including Decedent's Truck, with that design anyway. It did not issue a recall or safety bulletin to rectify the problem and make the design safe for passengers. Defendant's actions were taken with an intentional disregard for the rights of the Plaintiffs and punitive damages in a sufficient amount to punish and deter General Motors and others from engaging in this conduct in the future will be requested from the court or jury.

## PRAYER FOR RELIEF

**WHEREFORE, PREMISES CONSIDERED**, Plaintiffs respectfully pray that Plaintiffs have upon final trial, among other things:

1. Judgment against the Defendant, General Motors LLC, in an amount that is fair and reasonable and in excess of $75,000;

2. Punitive damages;

3. Pre-judgment interest;

4. Post judgment interest;

5. Trial by jury;

6. Costs expended herein; and

7. Any and all other relief to which the plaintiffs may appear entitled.

Dated this 6th day of July 2016.

                Respectfully submitted,

                s/ Eric J. Haag
                Attorney Eric J. Haag
                State Bar No.: 1026958
                Atterbury, Kammer & Haag
                8500 Greenway Blvd. Suite 103
                Middleton, WI 53562
                Telephone: 608-821-4600
                Fax: 608-821-4610
                ehaag@wiscinjurylawyers.com

                **ATTORNEYS FOR PLAINTIFFS**

OF COUNSEL:
**THE POTTS LAW FIRM, LLP**
Derek H. Potts       Texas Bar No. 24073727
Andrew A. Woellner   Texas Bar No. 24060850
100 Waugh, Suite 350
Houston, Texas 77007
(713) 963-8881 (telephone)
(713) 583-5388 (facsimile)