**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF WISCONSIN**

---

TAMARA BUSSE, Individually, and as Administrator of the Estate of Karen M. Busse,

Plaintiffs,

Case No.: 3:16-cv-00480-jdp

v.

GENERAL MOTORS, LLC,

Defendant.

---

# PROTECTIVE ORDER

---

The Court issues this Protective Order to facilitate document disclosure and production under the Federal Rules of Civil Procedure. The Court finds that the terms of this Order are fair and just and that good cause has been shown for entry of a protective order governing the confidentiality of documents produced in discovery, answers to interrogatories, answers to requests for admission, and deposition testimony. Unless modified pursuant to the terms contained in this Order, this Order shall remain in effect through the conclusion of this litigation.

In support of this Order, the Court finds that:

1. Documents or information containing confidential, proprietary and business information and/or trade secrets ("Confidential Information") that bear significantly on the parties' claims or defenses is likely to be disclosed or produced during discovery in this litigation;



2. The parties to this litigation may assert that public dissemination and disclosure of Confidential Information could severely injure or damage the party disclosing or producing the Confidential Information and could place that party at a competitive disadvantage;

3. Counsel for the party or parties receiving Confidential Information are presently without sufficient information to accept the representation(s) made by the party or parties producing Confidential Information as to the confidential, proprietary, and/or trade secret nature of such Confidential Information; and

4. To protect the respective interests of the parties and to facilitate the progress of disclosure and discovery in this case, the following Order should issue.

IT IS THEREFORE ORDERED:

1. Documents or discovery responses containing Confidential Information disclosed or produced by any party in this litigation are referred to as "Protected Documents". Except as otherwise indicated below, all documents or discovery responses designated by the producing party as "Confidential," "Confidential Produced Pursuant to Protective Order," or similar language and which are disclosed or produced to the attorneys for the other parties to this litigation are Protected Documents and are entitled to confidential treatment as described below.

2. Certain documents that have been or will be produced by the parties during discovery in this litigation contain trade secrets, payroll information, employee records, confidential commercial information, personally identifiable information, or other

confidential information. Such documents shall be handled by the parties with the highest care and are entitled to confidential treatment as described below. This provision shall not prevent General Motors, LLC or its dealers from handling these documents in the normal course of their business or in any way alter the continuing business operations of General Motors LLC or its dealers.

3. Certain documents that have been or will be produced by the parties in discovery in this litigation contain material protected by federal, state, or foreign data protection laws or other privacy obligations, including (but not limited to) consumer and third-party names, such as the first and last names of persons involved in an accident or of other individuals not directly involved in an accident but included in documents related to an accident; Social Security Numbers; health information relating to the past, present or future physical or mental health or condition of an individual; the provision of health care to an individual, or the past, present or future payment for the provision of health care to an individual; driver's license or other identification numbers; personal financial information such as tax information, bank account numbers, and credit card numbers; insurance claim numbers; insurance policy numbers; VIN numbers; or the personal email addresses or other contact information of GM board members and employees ("Personal Information"). The producing party may redact Personal Information from such documents, subject to paragraph 5. Such documents shall be handled by the parties with the highest care and are entitled to confidential treatment as described below.

4. Protected Documents shall not include (a) advertising materials; (b) materials that on their face show that they have been published to the general public; or (c) documents that have been submitted to any government entity without request for confidential treatment.

5. At any time after the delivery of Protected Documents, counsel for the party or parties receiving the Protected Documents may challenge the Confidential designation or redaction of all or any portion thereof by providing written notice thereof to counsel for the party disclosing or producing the Protected Documents. If the parties are unable to agree as to whether the confidential designation or redaction of discovery material is appropriate, the party or parties receiving the Protected Documents shall certify to the Court that the parties cannot reach an agreement as to the confidential nature or redaction of all or a portion of the Protected Documents.

Thereafter, the party or parties disclosing or producing the Protected Documents shall have thirty (30) days from the date of certification to file a motion for protective order with regard to the Protected Documents in dispute. The party or parties producing the Protected Document shall have the burden of establishing that the disputed Protected Documents are entitled to confidential treatment or that redacted Personal Information should not be produced. If the party or parties producing the Protected Documents do not timely file a motion for protective order, then the Protected Documents in dispute shall no longer be subject to confidential treatment or redaction as provided in this Order. All Protected Documents are entitled to confidential treatment pursuant to the terms of this

Order until and unless the parties formally agree in writing to the contrary, a party fails to timely move for a protective order, or a contrary determination is made by the Court as to whether all or a portion of a Protected Document is entitled to confidential treatment.

6. Confidential Treatment. Protected Documents and any information contained therein shall not be used or shown, disseminated, copied, or in any way communicated to anyone for any purpose whatsoever, except as provided for below.

7. Protected Documents and any information contained therein shall be disclosed only to the following person(s) ("Qualified Persons").

(a) Counsel of record for the parties, and the parties;

(b) Non-technical and clerical staff employed by counsel of record and involved in the preparation and trial of this action;

(c) Experts and non-attorney consultants retained by the parties for the preparation and/or trial of this case, provided that each signs the Agreement to be Bound by Protective Order attached as Exhibit A; however, no disclosure shall be made to any expert or consultant who is employed by an Original Equipment Manufacturer competitor of General Motors, LLC; and

(d) The Court, the Court's staff, witnesses, and the jury in this case.

8. Counsel for the parties must take reasonable efforts to ensure the individuals described in paragraphs 7(b) and 7(c) above are Qualified Persons.

9. Protected Documents and any information contained therein shall be used solely for the prosecution of this litigation. The party or parties receiving Protected Documents shall not under any circumstances sell, offer for sale, advertise, or publicize Protected Documents or any information contained therein.

10. To the extent that Protected Documents or information contained therein are used in depositions, at hearings, or at trial, such documents or information shall remain subject to the provisions of this Order, along with the transcript pages of the deposition testimony and/or trial testimony referring to the Protected Documents or information contained therein. Moreover, protected documents shall not be filed with the Court unless under seal consistent with local rules and procedure, including Western District of Wisconsin Administrative Order No. 311. The Clerk of this Court is directed to maintain under seal all documents and transcripts of depositions testimony designated "Confidential" that are so filed in this case.

11. Any court reporter or transcriber who records or transcribes testimony in this action shall agree that all "confidential" information designated as such under this Order shall remain "confidential" and shall not be disclosed by them, except pursuant to the terms of this Order, and that any notes or transcripts or such testimony (and any accompanying exhibits) will be retained by the reporter or delivered to counsel of record.

12. Inadvertent production of privileged documents is not intended to constitute a waiver of privilege or of confidential treatment. Regardless of the steps taken to prevent disclosure, if a party produces information that it later discovers, or in good faith

later asserts, to be privileged or otherwise protected from disclosure, the production of that information will not be presumed to constitute a waiver of any applicable privileges or other protection, and the party receiving the privileged or protected information may not argue that the producing party failed to take reasonable steps to prevent production of the privileged or protected materials. If a party produces privileged documents, the party may request, in writing, to claw back specific documents by referencing the Bates numbers or otherwise identifying the document. Upon such request, the receiving party shall treat the information as privileged or protected and will comply with reasonable requests for the return or destruction of the information. If the receiving party discloses the inadvertently produced information consistent with this Order and prior to receiving notice of the privilege or confidential treatment from the producing party, such disclosure shall not be actionable under this Order provided the receiving party takes reasonable steps to comply with this provision.

13. Counsel for the receiving party shall promptly notify the other party if produced material appears to be privileged and shall comply with the other party's demands to return said materials. Likewise, if the other party discovers that privileged material (or confidential material otherwise designated as being produced subject to this Protective Order is not marked "confidential") was inadvertently produced it shall promptly notify counsel for the receiving party and the receiving party shall comply with the other party's demands to return said materials. If counsel for the receiving party

disputes the privileged or confidential status of such a document, all parties agree such documents must be returned to the other party pending resolution of the dispute.

14. Nothing in this Protective Order should be construed as preventing the parties from disclosing safety related information to the government and/or regulatory entities. Nothing in this Protective Order should be construed as preventing the parties from cooperating with any government investigation.

15. After termination of this litigation, the provisions of this Order shall continue to be binding, except with respect to those documents and information that became a matter of public record. This Court retains and shall have continuing jurisdiction over the parties and recipients of the Protected Documents for enforcement of the provisions of this Order following termination of this litigation.

16. Upon termination of this action by dismissal, judgment, or settlement, counsel for the party or parties receiving Protected Documents shall return the Protected Documents, including all copies, prints, summaries, and other reproductions of such information, to the counsel for the party or parties disclosing or producing the Protected Documents at the cost of the disclosing or producing party; in lieu of paying for the return of the document, the producing party has the option of requesting an affidavit from the receiving party or the counsel for the receiving party verifying all Confidential Documents or Protected Documents have been destroyed. As to Protected Documents, copies, or summaries of protected material/information upon which the parties' counsel has placed marginalia or other work product, the other Parties' counsel may provide a

written certification to the producing party's counsel of record that all such copies or summaries have been destroyed.

17. The term "copy" as used herein means any photographic, mechanical, or computerized copy or reproduction of any document or thing, or any verbatim transcript, in whole or in part, of such document or thing.

18. This Order shall be binding upon the parties and their attorneys, successors, executors, personal representative, administrators, heirs, legal representatives, assigns, subsidiaries, divisions, employees, agents, independent contractors, or other persons or organization over which they have control.

**IT IS SO ORDERED.**

Dated this 10TH day of JANUARY, 2017.

BY THE COURT:

STEPHEN L. CROCKER
Magistrate Judge

Exhibit "A"

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF WISCONSIN**

TAMARA BUSSE, Individually, and as Administrator of the Estate of Karen M. Busse,

Plaintiffs,

v.

Case No.: 3:16-cv-00480-jdp

GENERAL MOTORS, LLC,

Defendant.

AGREEMENT TO BE BOUND BY PROTECTIVE ORDER

I, , declare:

1. My address is ______________________________________. I am employed with ____________________________ and my job title is _____________________.

2. I have received a copy of the Stipulated Protective Order (the "Order") in this Action.

3. I have carefully read and understand the provisions of the Order. I will fully comply with the Protective Order and all of its terms and restrictions as such shall apply to me. I agree that I shall not disclose confidential material or information to anyone other than persons permitted to have access to such material or information pursuant to the terms and restrictions of the Protective Order or use such confidential material or

information in violation of the terms and restrictions of the Protective Order. I further agree that, upon termination of this action, or sooner if so requested, I shall return to Counsel all confidential material provided to me, including all copies and excerpts thereof. I agree to subject myself to the jurisdiction of the Court for purposes of enforcement of the terms and restrictions of the Protective Order and this Exhibit A.

Dated: ______________________ By: ______________________________